IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY A. BARNETT,

    Plaintiff,

v.

UBIMODO INC., at al,

    Defendants.

Case. No. 6:18-cv-00418-MC

OPINION AND ORDER

MCSHANE, Judge:

*Pro se* plaintiff Kelly A. Barnett seeks leave to proceed *in forma pauperis* (IFP) (ECF No. 2 & 4), appointment of pro bono counsel (ECF No. 5), and order to preserve evidence (ECF No. 6).

    **I.    Application to proceed IFP**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. In order for a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Based on plaintiff's application to proceed IFP (ECF No. 2), plaintiff is unable to pay the costs of commencing the action. Additionally, a reading of the complaint shows that it "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's request for leave to proceed IFP (ECF No. 2 & 4) is GRANTED.

**II.     Motion for pro bono counsel**

There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

After reviewing Plaintiff's motion and pleadings, the court does not find that exceptional circumstances exists warranting appointment of counsel. Plaintiff's motion for appointment of pro bono counsel (ECF No. 5) is DENIED.

**III.    Motion for order to preserve evidence**

As noted in plaintiff's motion, parties have an "obligation to preserve evidence [ ] when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. UBS Warburg LLC*, 220

F.R.D. 212, 216 (S.D.N.Y. 2003)[1]; *National Assoc. of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-67 (N.D.Cal. 1987). Defendants have yet to be served in this case. When they are served, defendants are obligated to preserve evidence irrespective of any order of the court. Plaintiff's motion for order to preserve evidence (ECF No. 6) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of April, 2018.

    /s/Michael J. McShane
Michael J. McShane
United States District Judge

---

[1] *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 436 (2nd Cir. 2001) (citing *Kronisch v. U.S.*, 150 F.3d 112, 126 (2nd Cir. 1998). *See also Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir.2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.") (citing *Kronisch*, 150 F.3d at 126).