IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY A. BARNETT,

        Plaintiff,

        v.

UBIMODO, INC., at al,

        Defendants.

Case. No. 6:18-cv-00418-MC

OPINION AND ORDER

MCSHANE, Judge:

Defendant Ubimodo moves to dismiss all claims in this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and (6), on the grounds that the Amended Complaint fails to allege federal question jurisdiction. Defendant argues the Amended Complaint cites federal laws that do not give rise to a claim, thus leaving only state law claims. Plaintiff Ms. Barnett, proceeding *pro se*, alleges a number of claims under two headings: "Claim One" and "Claim Two." *See* Am. Compl. 4 & 30; ECF No. 14. Under Claim One, Plaintiff alleges a violation of:

    1. "Misappropriation of Trade Secrets;
    2. Failure to Defend Trade Secrets;
    3. National Stolen Property Act;
    4. Economic Espionage Act;
    5. Conspiracy; and
    6. Copyright."

Under Claim Two, Plaintiff alleges:

    1. "Fraud;
    2. Employment of manipulative and deceptive devices;
    3. Wire Fraud; and
    4. Free Speech."

1 – OPINION AND ORDER

Invoking this Court's federal question jurisdiction, the Amended Complaint cites the following federal laws: 18 U.S.C. §§ 1831, 1832; 18 U.S.C. § 1312; 18 U.S.C. § 514; 17 CFR § 240.12b-20, 10b-5; 18 U.S.C. § 1030; 18 U.S.C. § 1343; Federal Copyright Act; and the First Amendment of the U.S. Constitution.

Because the amended complaint fails to state a claim upon which relief may be granted, this Court GRANTS the defendants' motions to dismiss (ECP No. 27) with prejudice except the copyright infringement claim which is dismissed without prejudice. Plaintiff's Motion for Request for Grand Jury (ECP No. 37) and Motion to Read Additional Reply (ECP No. 38) are DENIED.

## STANDARD OF REVIEW

**Fed. R. Civ. P. 12(b)(1)**

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is presumed that a district court lacks jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The court will grant a defendant's 12(b)(1) motion if the complaint fails to allege fact sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999).

**Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### A. Federal and state criminal code

Neither the federal nor Oregon criminal code create a private right of action unless specifically authorized by statute; criminal claims generally cannot be a legal basis for jurisdiction in a civil suit. The Amended Complaint asserts the following criminal claims:

- National Stolen Property Act, 18 U.S.C. §§ 2311-2323;
- Economic Espionage Act, 18 U.S.C. §§ 1831 & 1832;
- Wire Fraud, 18 U.S.C. § 1343;
- Fraud in connection to computers, 18 U.S.C. § 1030;
- Fictitious Obligations, 18 U.S.C. § 514;
- Interception of Communications, ORS 165.543; and
- General criminal conspiracy.

Because the above claims are based in criminal laws that do not specifically authorize a private civil cause of action, they are dismissed with prejudice for failure to state a claim.

**B. 18 U.S.C. § 1312**

The Amended Complaint cites to 18 U.S.C. § 1312, which does not actually exist, for federal question jurisdiction. Because that statute does not exist, it cannot be a basis for federal question jurisdiction.

**C. Employment of manipulative and deceptive devices**

The Amended Complaint lists as the basis of federal question jurisdiction two federal regulations: 17 CFR § 240. 12b-20, 10b-5. These security regulations contain a prohibition on the use of manipulative or deceptive devices relating to the purchase and sale of securities. To establish a claim under Rule 10b-5, a plaintiff must show that they are a purchaser of the security. *S.E.C. v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993) ("only an actual purchaser or seller may maintain a private damage action under Rule 10b-5"). Similarly, Rule 12b-20 provides standing to only a purchaser of a security. Because the Amended Complaint does not allege that Plaintiff was a purchaser or seller of securities offered by Ubimodo, those allegations fail to establish standing. Likewise, the claims made under Oregon securities law, ORS 59.135, in the Amended Complaint, are dismissed.

**D. Copyright**

Defendant argues that in order to bring an action under the Federal Copyright Act, the work that is infringed must be registered with the U.S. Copyright Office. 17 U.S.C. § 411(a). Under 17 U.S.C. § 1329, however, if the work is patented, then copyright protection of the original design shall terminate.[1] Defendant argues that because Plaintiff's work received a patent, she cannot obtain copyright protection.

---

[1] "The issuance of a design patent under title 35, United States Code, for an original design for an article of manufacture shall terminate any protection of the original design under this chapter." 17 U.S.C. § 1329.

In carefully reading the amended complaint, it appears to the Court that Plaintiff registered a figure to her patent as a copyright work: she "registered her copyright [on Patent Figure 9c] at the US Copyright Office on 5-17-2016" as a defensive move "in response suspicion of improper use of the Plaintiff's intellectual property." Am. Compl. ¶ 44. Plaintiff also alleges that she is "the rightful owner of a United States Patent Serial No. US 9,398,880 82 [which covers Patent Figure 9c] issued on July 26, 2016." *Id*. ¶ 1. "It became apparent that Dr. Alain Anyouzoa and others were attempting to invent around her Patent Figure 9 (also copyrighted) for software code, databased and Application Programming Interface (API)." *Id*. ¶ 25. In her response to Defendant's Motion to dismiss, the plaintiff re-affirmed her allegation of copyright infringement. Pltf's Resp. 13, 16; ECF No. 34.

This Court has struggled to read and understand the exact claim alleged in the Amended Complaint as it relates to the Federal Copyright Act. Within the complaint there very well may be a claim for copyright infringement, but it is unclear. The Court orders Plaintiff to amend her Amended Complaint to clarify the copyright infringement claim.

### E. Free Speech

Plaintiff alleges violation of her right to free speech under the First Amendment of the U.S. Constitution and Article I, Section 8 of the Oregon Constitution. There is no allegation however that Ubimodo is a government actor, or that Ubimodo performed any act under the color of state law. The First Amendment of the U.S. Constitution and Section 8 of the Bill of Rights in the Oregon Constitution protect freedom of speech from government action, not from the action of private actors. All allegations in the Amended Complaint point to Ubimodo as a private actor. Because defendant is not a government actor and did not act under the color of state law, there is no claim for relief under these constitutional provisions.

### F. Misappropriation of and Failure to Defend Trade Secrets

Misappropriation of and failure to defend trade secrets is a violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. To constitute a trade secret, there must be some form of proprietary information with the owner having taken reasonable measures to keep such information secret. *Id*. Here the complaint does not allege that the defendants stole or misappropriated trade secrets. The only allegation of protected information is "Patent Figure 9c" which being patented is not a trade secret. Because there is no allegation of a trade secret from which to base a claim for misappropriation of trade secrets or failure to defend trade secrets, these claims are dismissed.

### CONCLUSION

Defendant's Motion to dismiss (ECF No. 27) is GRANTED. All claims are dismissed with prejudice except the copyright infringement claim which is dismissed without prejudice. Plaintiff has leave to amend her complaint within 30 days of this Order being entered to clarify the factual and legal basis for the copyright infringement claim.

Plaintiff's Motion for Request for Grand Jury (ECP No. 37) and Motion to Read Additional Reply (ECP No. 38) are DENIED.

IT IS SO ORDERED.

DATED this 21st day of August, 2018.

                                            /s/ Michael McShane
                                            Michael McShane
                                   United States District Judge