IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY A. BARNETT,

    Plaintiff,

v.

UBIMODO, INC., et al,

    Defendants.

**Civ. No. 6:18-cv-418-MC**

**ORDER**

**MCSHANE, Judge**:

Defendant Bedivere Insurance Company ("Bedivere") moves for summary judgment pursuant to Fed. R. Civ. P. 56. Def.'s Am. Mot., ECF No. 49. Plaintiff Kelly A. Barnett, proceeding *pro se*, alleges copyright infringement against several Defendants, including Bedivere. Pl.'s Second Am. Compl. 4–48, ECF No. 41 ("Pl.'s SAC"). Bedivere argues that it has a limited connection to Defendant Ubimodo, Inc., no connection to Plaintiff, and cannot be accused of contributory or vicarious copyright infringement. Def.'s Am. Mot. 4–14.

Because Plaintiff does not raise a genuine dispute of material fact with respect to Bedivere, this Court GRANTS Defendant's Amended Motion for Summary Judgment.

## BACKGROUND

In February 2017, Dean Carberry, a reinsurance broker at Atlantic Security Reinsurance Brokers Ltd., gave Bedivere a Private Placement Offering Memorandum ("Memorandum") and Scott Warner, Ubimodo's Chief Executive Officer, gave Bedivere a "due diligence package" about Ubimodo. Def.'s Am. Mot. 5; Schleider Decl., ECF No. 47, ¶ 4. In June 2017, Bedivere

1 – OPINION AND ORDER

invested $1.5 million in Ubimodo. Def.'s Am. Mot. 5; Schleider Decl., ¶ 5. In fall 2017, Plaintiff called Marcus Doran, Bedivere's Chief Operating Officer. Pl.'s SAC 38; Def.'s Am. Mot. 6; Doran Decl., ECF No. 57, ¶ 3. Plaintiff asked Doran if her intellectual property played a role in Bedivere's investment in Ubimodo. Pl.'s SAC 38; Doran Decl., ¶ 5. Plaintiff states that she requested and Doran agreed to initiate an investigation. Pl.'s SAC 39; Pl.'s Resp. 9. Doran states that he told Plaintiff he would "look into the matter" but did not mean that he would open a formal investigation. Doran Decl., ¶ 3. There does not appear to have been any other contact between Plaintiff and Bedivere.

Plaintiff initiated the present action on March 9, 2018 and filed an Amended Complaint on April 27, 2018, alleging copyright infringement, among other things. ECF Nos. 1 and 14. This Court dismissed all of Plaintiff's claims with prejudice except her copyright infringement claim, which was dismissed without prejudice. Op. and Order, ECF No. 40. Plaintiff filed a SAC on September 21, 2018, again alleging copyright infringement. Pl.'s SAC 4, ECF No. 41.[1] Bedivere filed a Motion for Summary Judgment and Amended Motion for Summary Judgment on October 15, 2018. ECF Nos. 46 and 49.

## STANDARD OF REVIEW

This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving

---

[1] After Plaintiff filed a SAC, she filed a Motion for Leave to File an Amended Complaint and attached a Proposed Third Amended Complaint ("TAC"). *See* ECF Nos. 44 and 44-1. This Court granted Plaintiff's Motion. Order, ECF No. 63. Rather than filing the Proposed TAC, Plaintiff filed a TAC that differs substantially from the proposed changes described in her Motion and appearing in the Proposed TAC, plus four declarations. *See* ECF Nos. 66–70. This violates Fed. R. Civ. P. 15(a)(2) and Local Rule 15(c) and (d). The Court granted leave to file the Proposed TAC attached to ECF No. 44, not a completely different complaint. Accordingly, the SAC remains the operative complaint. Regardless, the additions to the Proposed TAC and filed TAC would not have changed the outcome here.

2 – OPINION AND ORDER

party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.*

The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## **DISCUSSION**

Bedivere argues that Plaintiff fails to raise a genuine issue of fact regarding her copyright infringement claim and moves for summary judgment as to all claims against it. Def.'s Am. Mot. 2.

A plaintiff may allege direct, contributory, or vicarious copyright infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." *Id.* (citation omitted). One may be liable for contributory infringement if they induce, cause, or materially contribute to another's infringing conduct with knowledge of the infringing activity. *Id.* at 1076 (citation omitted). One may be liable for vicarious infringement if they enjoy "a direct financial

3 – OPINION AND ORDER

benefit from *another's* infringing activity and 'ha[ve] the right and ability to supervise' the infringing activity." *Id.* at 1076 (citations omitted) (emphasis in original).

Here, Plaintiff appears to allege vicarious and contributory, not direct, copyright infringement against Bedivere. Plaintiff does not allege that Bedivere violated one of Plaintiff's rights under the Copyright Act. Instead, Plaintiff alleges that Warner, Ubimodo, and The Soteria Institute "induced" Starr Companies' and Bedivere's "third-party infringement of her intellectual property." Pl.'s SAC 44. Plaintiff's Reply to Bedivere's Answer to her First Amended Complaint provides further insight:

> "[Bedivere is] responsible for induced infringement of copyright from direct infringement of [] Warner and his affiliated companies and stand[s] to artificially gain from the Plaintiff's misappropriated trade secrets being capitalized upon by [] Warner and his companies."

Pl.'s Reply 10, ECF No. 35.

Plaintiff alleges that the Memorandum from Carberry to Bedivere disclosed her trade secrets, patents, and "knowledge of her [c]opyright." Pl.'s Resp. 10. Plaintiff also alleges that Bedivere failed to follow "reasonable business practices" after investing in Ubimodo and ensure it was not an "accessory after the fact" or aiding and abetting "offending behaviors." *Id.* at 13.

Neither of these allegations appear in the SAC, and Plaintiff fails to support them by reference to any evidence in the record. The record reflects that Carberry gave a Memorandum to Bedivere, Warner gave Bedivere a due diligence package, and Bedivere invested in Ubimodo. Def.'s Am. Mot. 5; Schleider Decl., ¶¶ 4–5. Bedivere maintains that neither the Memorandum nor the package referred to Plaintiff or her intellectual property. Def.'s Am. Mot. 5; Schleider Decl., ¶ 8. Bedivere further argues that none of its employees had ever heard of Plaintiff or her technology until she called Doran in fall 2017. Def.'s Am. Mot. 6; Schleider Decl., ¶¶ 9, 12;

Doran Decl., ECF No. 48, ¶¶ 3–4. Bedivere also argues that, aside from its investment, it has no relationship with Ubimodo. Def.'s Am. Mot. 5–6; Schleider Decl., ¶ 7.

Plaintiff provides no basis for her assertion that the Memorandum discussed her intellectual property or that Bedivere even knew it existed, nor has she submitted evidence to that effect. But even if Bedivere had knowledge of Ubimodo's alleged infringement, it would be unreasonable to infer that Bedivere "induce[d], cause[d], or materially contribute[d] to" Ubimodo's infringing conduct. *See Ellison*, 357 F.3d at 1076. Likewise, assuming, *arguendo*, that Ubimodo infringed on Plaintiff's copyright, that fact alone does not demonstrate that Bedivere directly benefitted from or had the right or ability to supervise the infringing activity. *See id.* (citations omitted). In other words, it would be unreasonable to infer that Bedivere is liable for contributory or vicarious infringement from these facts. No rational trier of fact could find in favor of Plaintiff.

Accordingly, this Court GRANTS summary judgment as to Plaintiff's claims against Bedivere.

## **CONCLUSION**

Bedivere's Amended Motion for Summary Judgment, ECF No. 49, is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of January, 2019.

                                                            **Michael J. McShane**
                                                       United States District Judge

5 – OPINION AND ORDER