IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY A. BARNETT**,

    Plaintiff,

v.

**UBIMODO, INC., et al,**

    Defendants.

**Civ. No. 6:18-cv-418-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Kelly Barnett moves this Court for entry of default against Defendants (1) Ubimodo, Inc.'s Board of Directors and Advisory Board and Ubimodo Insurance LLC's Advisory Board; (2) the Soteria Institute and its Advisory Board/Board of Directors; (3) Ubimodo LTD Canada and its Advisory Board/Board of Directors; and (4) Scott Warner. ECF Nos. 74, 75, 77, 78. For the reasons set forth below, Plaintiff's Motions, ECF Nos. 74, 75, and 77, are DENIED, and ECF No. 78 is STAYED.

## **STANDARDS**

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

1 – OPINION AND ORDER

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). This Court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted). This Court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. *Id.* at 917–18 (citation omitted); *Huynh*, 503 F.3d at 854 (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Huynh*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## **DISCUSSION**

Plaintiff moves for entry of default against Ubimodo, Inc.'s Board of Directors and Advisory Board, Ubimodo Insurance LLC's Advisory Board, Ubimodo LTD Canada, Ubimodo LTD Canada's Advisory Board/Board of Directors, and Scott Warner, alleging that they failed to respond. ECF Nos. 74, 77, 78.

Ubimodo has timely and appropriately filed responsive pleadings. Ubimodo, Inc., Ubimodo Insurance LLC, and Ubimodo LTD Canada and its advisory board/board of directors (collectively "Ubimodo") filed a Motion to Dismiss on June 7, 2018. ECF No. 27. This Court granted the Motion without prejudice on August 21, 2018. Op. and Order, ECF No. 40. Plaintiff filed an Amended Complaint on September 21, 2018. No. 41. Ubimodo, Inc., Ubimodo Insurance LLC, and Ubimodo LTD Canada filed an Answer on October 5, 2018. ECF No. 42.

Ubimodo, Inc.'s and Ubimodo Insurance LLC's Boards of Directors and Advisory Boards are not individual entities who must respond separately. In fact, Plaintiff's Amended

Complaint lists only Scott Warner, Michael Corning, and two other companies as Defendants. Pl.'s Am. Compl. 1–2, ECF No. 41. The caption in the Amended Complaint, meanwhile, names "Ubimodo, Inc.; Ubimodo Insurance LLC; Ubimodo LTD Canada; its Advisory Board/Board of Directors," etc. *Id.* at 1. These Defendants have responded.

Further, under Local Rule 55-1, "If the party against whom an order or judgment of default pursuant to Fed. R. Civ. P. 55 is sought has filed an appearance in the action… then LR 7-1 and LR 83-8 apply, and the parties must make a good faith effort to confer before a motion or request for default is filed." Here, Ubimodo filed an appearance and Plaintiff failed to confer before filing her motion for default. *See* Defs.' Resp. 2, ECF No. 79. For these reasons, Plaintiff's Motions regarding Ubimodo are denied.

Turning to Scott Warner, Ubimodo's Motion to Dismiss defined "Ubimodo" as "Ubimodo, Inc., Ubimodo Insurance LLC, Ubimodo LTD Canada, its advisory board/board of directors, *and* Scott Warner." Defs.' Mot. 2 (emphasis added). In Ubimodo's Answer, they admitted that Scott Warner is Chairman and CEO of Ubimodo but did not mention him in their description of "Ubimodo" or elsewhere. *See* Defs.' Answer 2. Both responses indicate that Shannon McCabe and Michael McLane are "[a]ttorneys for Defendants Ubimodo, Inc., Ubimodo Insurance LLC, and Ubimodo LTD Canada." Defs.' Mot. 1; Defs.' Answer 1. It is unclear whether they also represent Scott Warner and whether his Answer is encompassed in Ubimodo's.

To further complicate matters, summons was issued as to Ubimodo, Inc., Ubimodo Insurance LLC, and Scott Warner jointly—not Scott Warner individually—and service was apparently only perfected as to Ubimodo Insurance LLC. *See* ECF Nos. 16 and 20. It is difficult to imagine that Scott Warner has not received notice that he has been named in this action. Even

so, Plaintiff did not serve him. Therefore, if he has not appeared in this action, entry of default would be improper.

The Court requires a notice of clarification from Ubimodo within 7 days of this Opinion and Order, stating whether (1) Scott Warner was served or waived service when Ubimodo included him in their Motion to Dismiss; (2) he is represented; and (3) if he is not represented, why he was included in the Motion to Dismiss but not in the Answer. Plaintiff's Motion regarding Scott Warner will be stayed until these issues are resolved.

Plaintiff also moves for entry of default against "[t]he Soteria Institute, Jane and John Doe Board of Directors, and/or John Doe Advisory Board." Pl.'s Mot. 1, ECF No. 75.

A corporation, partnership, or association in a U.S. judicial district must be served in the manner prescribed by Fed. R. Civ. P. 4(e)(1)[1] or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1).

The Soteria Institute's registered agent is Michael Corning. The summons listed his address as 160 S. Oak Street, Suite 151, Sisters, Oregon 97759. ECF No. 15. Service was executed there on May 16, 2018. ECF No. 21. 160 S. That address is the Soteria Institute's principal place of business. Oregon Secretary of State Corporate Division, Business Name Search: The Soteria Institute (last visited April 29, 2019).[2] Michael Corning's address, however,

---

[1] Under Fed. R. Civ. P. 4(e)(1), an individual may be served in a U.S. judicial district by following the law of the state where the district court is located or where service is made, delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there, or delivering a copy of the summons and complaint to an authorized agent.

[2] This information is available at
http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=1745738&p_srce=BR_INQ&p_print=FALSE.

4 – OPINION AND ORDER

is listed as 69650 Omaha Road, Sisters, Oregon 97759. *Id.* Because Plaintiff did not properly effectuate service on Michael Corning, Plaintiff's Motion for entry of default against the Soteria Institute is denied.

Fed. R. Civ. P. 4(m) states that if a defendant is not served within 90 days of the filing of the complaint, the court must dismiss the action as to that defendant without prejudice or order that service be made within a specified time. If the plaintiff shows good cause for the failure to serve, the court must extend the service deadline appropriately. *Id.* More than 90 days have passed since Plaintiff filed her initial Complaint on March 9, 2018. ECF No. 1. Plaintiff may, however, attempt to re-serve the Soteria Institute within 14 days of this Opinion and Order.

## CONCLUSION

For the above reasons, three of Plaintiff's Motions for entry of default, ECF Nos. 74, 75, 77, are DENIED and the fourth, ECF No. 78, is STAYED. Defendant Ubimodo must provide a notice of clarification within 7 days. Plaintiff may attempt to re-serve the Soteria Institute within 14 days.

IT IS SO ORDERED.

DATED this 30th day of April, 2019.

**s/Michael J. McShane**
**Michael J. McShane**
**United States District Judge**