IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY A. BARNETT**,

    Plaintiff,

v.

**UBIMODO, INC., et al,**

    Defendants.

**Civ. No. 6:18-cv-418-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Kelly Barnett filed a Complaint against Bedivere Insurance Company ("Bedivere"), among other Defendants, on March 9, 2019. Pl.'s Compl., ECF No. 1. Plaintiff subsequently filed several Amended Complaints. ECF Nos. 14, 41, and 66. This Court granted Bedivere's Motion for Summary Judgment on January 9, 2012. Op. and Order, ECF No. 71. Bedivere now moves for $36,745.00 in attorney fees pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505. Def.'s Mot. 2, ECF No. 80. Plaintiff argues that Bedivere filed their Motion too late and is not entitled to fees. Pl.'s Obj., ECF Nos. 82 and 83. Because Defendant is entitled to attorney fees, Defendant's Motion (ECF No. 80) is GRANTED in part.

## DISCUSSION

    As a preliminary matter, Plaintiff argues that Bedivere's Motion is time-barred. Pl.'s Obj. 1., ECF Nos. 82 and 83. Fed. R. Civ. P. 54(d)(2)(b)(i) requires motions for attorney fees to be filed within 14 days after entry of judgment. This Court granted Bedivere's Motion for Summary Judgment but did not enter a judgement of dismissal. *See* Op. and Order. Bedivere's Motion is timely.

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). Under the Copyright Act, the court may, in its discretion, award the recovery of full costs and reasonable attorney fees to the prevailing party. 17 U.S.C. § 505.

"A defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). This Court granted Bedivere's Motion for Summary Judgment. Op. and Order. Bedivere is a prevailing party.

Factors that the court may consider in awarding fees under § 505 include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)). These factors weigh in Bedivere's favor.

The requested fees must be reasonable. A reasonable billing rate is determined based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable

hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)). A strong presumption exists that the lodestar figure represents a reasonable fee, and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court decides whether to enhance or reduce the lodestar figure by evaluating a variety of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Bedivere's attorneys' hourly rates are slightly higher than average for comparable attorneys in the same locality but are consistent with those identified in the Oregon State Bar 2017 Economic Survey. *See* Def's Mot. 12; *Oregon State Bar 2017 Economic Survey*, 38–39 (2017).[1] The hours requested by Bedivere, however, are excessive. *See* Def.'s Mot. 13. The Court is mindful of the fact that the Plaintiff is pro se, but she failed completely to tie Bedivere to her claim. As such, her claim was patently frivolous. And yet, while this case had nothing to do with Bedivere from the start, Bedivere made no effort to seek dismissal until the instant Motion, nearly five months after being served.[2] Instead, Bedivere remained silent in the face of Plaintiff's numerous filings and expended considerable time and resources culling through the materials accumulated on summary judgment. Even Bedivere's least experienced attorneys could have defended it against Plaintiff's claims with 25 hours of work.[3] A deduction of $30,620.00 is appropriate. Accordingly, this Court grants Defendant Bedivere $6,125.00 in attorney fees.

---

[1] The economic survey is available at https://www.osbar.org/docs/resources/Econsurveys/17EconomicSurvey.pdf.
[2] Bedivere was served on May 17, 2018. ECF No. 23. Defendant filed its Motion for Summary Judgment and Amended Motion for Summary Judgment on October 15, 2018. ECF Nos. 46 and 49.
[3] In the future, it would be helpful to raise this issue early with the Court through a Rule 16 conference. I believe I could have focused both sides on expeditiously removing Bedivere from the case.

## **CONCLUSION**

For the forgoing reasons, Defendant Bedivere is entitled to attorney fees in the amount of $6,125.00.

IT IS SO ORDERED.

DATED this 13th day of May, 2019.

    s/Michael J. McShane
Michael J. McShane
United States District Judge