IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY BARNETT**,

        Plaintiff,

v.

**UBIMODO, INC., et al,**

        Defendants.

**Case No. 6:18-cv-00418-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Kelly Barnett previously moved this Court for entry of default against Defendant Soteria Institute and its Advisory Board/Board of Directors ("Soteria") on May 10, 2019. Pl.'s Mot., ECF No. 100. The motion was denied because Plaintiff failed to demonstrate effective service. Plaintiff was ordered to provide proof of service by May 14, 2019 (extended to June 26, 2019). Op. and Order, ECF No. 103; Order, ECF No. 107. Plaintiff filed proof of service by first class mail on June 21, 2019. ECF No. 108. Because Plaintiff failed to provide proof of effective service, this Court *sua sponte* dismisses her claims against Soteria with prejudice.

Fed. R. Civ. P. 4(h)(1) governs service upon a corporation, partnership, or association within the United States. Such service may be made in the same manner as serving an individual under Fed. R. Civ. P. 4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1)(A)–(B). Under

1 – OPINION AND ORDER

Fed. R. Civ. P. 4(e)(1), state law methods for service are sufficient. For that reason, this Court largely looks to Or. R. Civ. P. 7(D)(2)(d)(i), which stipulates that service by mail requires mailing true copies of the summons and complaint to a defendant by first class mail and certified, registered, or express mail, with return receipt requested.

Plaintiff previously attempted to serve Soteria's registered agent by sending the Motion for Default to their principle place of business—161 S. Oak St., Suite 151, Sisters, OR 97759—by first class mail.[1] Pl.'s Mot. 2, ECF No. 100. In her more recent attempt at service, Plaintiff sent a copy of the Second Amended Complaint and Notice of Default by first class mail to registered agent at the same address as above. *See* Proof of Service, ECF No. 108. Plaintiff again fails to provide proof of adequate service. First, Plaintiff has yet to issue a summons with any complaint. *See* FRCP 4(c)(1) (requiring that a complaint *and* summons be delivered for proper process of service); Or. R. Civ. P. 7(D)(2)(d)(i) (requiring the same). Second, Plaintiff failed to send a copy of the summons and complaint via certified, registered, or express mail with return receipt requested. *See* Or. R. Civ. P. 7(D)(2)(d)(i) (requiring first class mail *and* another method of mailing with return receipt requested).

Because Plaintiff has failed to comply with this Court's previous orders to provide proof of adequate service, this Court dismisses Plaintiff's action against Soteria with prejudice in accordance with Fed. R. Civ. P. 41(b). *See* ECF Nos. 103 and 107; *Link v. Wabash*, 370 U.S. 626, 630–31 (1962) (holding that courts possess an "inherent power" to *sua sponte* dismiss proceedings for lack of prosecution).

---

[1] The above address meets the criteria of ORCP 7(D)(3)(b)(ii)(C) as the last registered office of the corporation. *See* Or. Sec'y of State, Business Registry for the Soteria Inst., Reg. No. 1086853-97, http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=1745738&p_srce=BR_INQ&p_print=FALSE.

IT IS SO ORDERED.

DATED this 24th day of July, 2019.

                                                s/Michael J. McShane
                                                    Michael McShane
                                            United States District Judge