IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY BARNETT**,

       Plaintiff,

v.

**UBIMODO, INC., et al**,

       Defendants.

**Case No. 6:18-cv-00418-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff filed a claim against Defendant Starr Indemnity & Liability Co. ("Starr"), among others, for alleged copyright infringement. *See* Pl.'s Second Am. Compl., ECF No. 41 ("SAC").[1] Defendant moves to dismiss Plaintiff's claim with prejudice. As discussed below, Defendant's Motion to Dismiss (ECF No. 106) is GRANTED.

## **BACKGROUND**[2]

This Court previously dismissed a number of civil and criminal claims that Plaintiff brought against Defendants. *See* Op. and Order 2, ECF No. 40. The only remaining claim against

---

[1] This Court gave Plaintiff leave to submit a Third Amended Complaint (TAC). *See* Order, ECF No. 63. The TAC that Plaintiff submitted was stricken, however, because it differed so drastically from her Motion's suggested amendments that it violated Fed. R. Civ. P. 15(a)(2) and Local Rules 15(c) and (d). *See* Order, ECF No. 72.
[2] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

Starr is alleged copyright infringement. Def.'s Mot. 3–4, ECF No. 106. The copyrighted material Plaintiff alleges Starr unlawfully used is a flowchart depicting a process for "encoding sensors or forming a portion of computer program or product." *Id.* at 5. Starr filed the instant Motion to Dismiss Plaintiff's SAC on June 19, 2019. Plaintiff has failed to timely respond.[3] Because Plaintiff has failed to timely respond, Starr's Unopposed Motion for Extension of Time to File a Response/Reply, ECF No. 115, is DENIED as moot.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, "a formulaic recitation of the elements of a cause of action will not do," and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that

---

[3] Plaintiff's response to Starr's Motion was due July 3, 2019. *See* Local R. 7(e)(1). Plaintiff filed a "Rebuttal" to Starr's Motion on July 17, 2019. ECF No. 112. Even if the Court were to take Plaintiff's response into account, it would not change the analysis because she continues to make conclusory arguments without any legal basis.

the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff has failed to state a plausible claim for copyright infringement. Copyright infringement claims have two basic elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Copyright protection does not include "any idea, procedure, *process*, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b) (emphasis added). Rather, copyright only affords protection to "the expression of the idea—not the idea itself." *Rosado v. Roman*, 2017 WL 3473177, at *5 (D. Or. Aug. 11, 2018) (quoting *Mazer v. Stein*, 347 U.S. 201, 217 (1954)).

This Court has previously noted that Plaintiff's copyright infringement claim is unclear. Op. and Order 5. As Starr points out, Plaintiff alleges that Defendants made use of the "ideas or processes embodied in" the flowchart but "does not allege that [they] copied or reproduced" it. Def.'s Mot. 3. Even taking Plaintiff's allegations as true, she fails to make a plausible claim for copyright infringement.

In *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, Rural copyrighted its phone directory and refused Feist the right to copy the information in its white pages, yet Feist copied the information anyway. 499 U.S. at 342–43. The Supreme Court stated that "[t]he most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.'" *Id.* at 344–45

(quoting *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 556 (1985)). The *Feist* Court further noted that Rural's alphabetical arrangement of its listings was not sufficiently original to transform the white pages from a mere compilation of facts into a copyrightable expression of those facts. *Id*. at 362. Ultimately, Rural failed to prove the second element of its copyright infringement claim because it failed to appreciate the idea-expression dichotomy.

Here, Plaintiff also fails to appreciate the idea-expression dichotomy and likewise fails to sufficiently allege the second element of her copyright infringement claim. She seeks to enforce copyright of a process—a right that courts do not recognize. *See* 17 U.S.C. § 102(b). Her copyright protects the flowchart itself, not the ideas or processes that it embodies, and she does not allege that Starr has reproduced the flowchart's image. Plaintiff's untimely "Rebuttal" suggests that Starr and its codefendants infringed her copyright by using her flowchart to "make transformative works" without her permission. *See* Pl.'s Rebuttal 4, ECF No. 112. The mere fact that the works produced were transformative, however, also defeats Plaintiff's claim. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 214 (2d Cir. 2015) (noting that "transformative uses tend to favor a fair use finding because [they] communicate[] something new and different from the original or expand[] its utility, thus serving copyright's overall objective of contributing to public knowledge"); *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (explaining that "the goal of copyright, to promote science and the arts, is generally furthered by the creation of transformative works.").

Further, Plaintiff's various other allegations lack specificity with regard to Starr. *See* SAC 16, 41 (alleging that "Defendants have plagiarized . . . " and " created derivative works . . . " without clarifying which Defendants Plaintiff is referring to). As Starr points out, a "plaintiff

fails to state [a] plausible claim when [she] 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.'" Def.'s Mot. 10 (citing *Middleton v. Parrish Snead Franklin Simpson, PLC*, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017)). As another court has noted, the minimum standard is:

> . . . that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.' By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [a plaintiff's] complaint fail[s] to satisfy this minimum standard . . . [and a] district court [does] not abuse its discretion in dismissing the complaint.

*Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001) (internal citations omitted). Here, Plaintiff has clearly failed to meet the minimum standard. Accordingly, any remaining claims as to Starr are dismissed.

## **CONCLUSION**

For the reasons above, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 106) is GRANTED.

IT IS SO ORDERED.

DATED this 24th day of July, 2019.

                            s/Michael J. McShane————————————————
                                  Michael McShane
                              United States District Judge