IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KELLY A. BARNETT**, | |
| Plaintiff, | Civ. No. 6:18-cv-418-MC |
| v. | **OPINION AND ORDER** |
| **UBIMODO, INC., et al**, | |
| Defendants. | |

**MCSHANE, Judge**:

Plaintiff Kelly A. Barnett, proceeding *pro se*, alleges copyright infringement against Defendants Ubimodo Inc., Ubimodo Insurance LLC, Ubimodo LTD Canada, and Scott Warner (collectively, "Ubimodo"). Pl.'s Second Am. Compl. 4–48, ECF No. 41 ("Pl.'s SAC"). Ubimodo argues that Plaintiff cannot prevail and moves for summary judgment pursuant to Fed. R. Civ. P. 56. Defs.' Mot. 2, ECF No. 136. Because Plaintiff has failed to raise a genuine dispute of material fact, this Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 136).

## BACKGROUND

Plaintiff initiated the present action on March 9, 2018 and filed an Amended Complaint on April 27, 2018, bringing multiple claims against Ubimodo and various other Defendants. ECF Nos. 1 and 14. This Court dismissed all of Plaintiff's claims with prejudice except her copyright infringement claim, which the Court dismissed without prejudice. Op. and Order, ECF No. 40. Plaintiff filed a Second Amended Complaint on September 21, 2018, again alleging copyright

1 – OPINION AND ORDER

infringement. ECF No. 41.[1] This Court granted Summary Judgment in favor of Defendant Bedivere Insurance Company on January 9, 2019. ECF No. 71. This Court also dismissed Plaintiff's claims against Defendants Starr Indemnity & Liability Company and the Soteria Institute on July 24, 2019. ECF No. 117. Ubimodo, the only remaining Defendant, now moves for Summary Judgment. ECF No. 136.

## STANDARD OF REVIEW

This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.*

The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477

---

[1] After Plaintiff filed a SAC, this Court granted Plaintiff's Motion for Leave to File an Amended Complaint. *See* ECF Nos. 44 and 44-1; Order, ECF No. 63. Rather than filing the Third Amended Complaint ("TAC") attached to her Motion, Plaintiff filed a substantially different TAC and four declarations. *See* ECF Nos. 66–70. Because this violated Fed. R. Civ. P. 15(a)(2) and Local Rule 15(c) and (d) and exceeded the Court's leave to file the Proposed TAC, the SAC remains the operative complaint. Regardless, the additions to the Proposed TAC and filed TAC would not have changed the outcome here.

U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## DISCUSSION

As an initial matter, Plaintiff submitted multiple unauthenticated documents—many of which contain what appear to be her own notes and commentary—in response to Defendants' Motion. *See* Pl.'s Resp. Ex. 1, ECF No. 139; Barnett Decl. Att. 1–2, ECF No. 140. Defendants raised various evidentiary and procedural objections to Plaintiff's proffered exhibits. Defs.' Reply 3–4, ECF No. 141. The Court clarified on February 10, 2020 that Plaintiff could file a surreply addressing Defendants' evidentiary objections.[2] Order, ECF No. 146. Plaintiff failed to timely file an appropriate surreply. Even if the Court accepted Plaintiff's exhibits, however, they do not establish that Ubimodo infringed on her copyright.

Copyright infringement claims have two basic elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Copyright protection does not include "any idea, procedure, *process*, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b) (emphasis added). Rather, copyright only affords protection to "the expression of the idea—not the idea itself." *Rosado v. Roman*, 2017 WL 3473177, at *5 (D. Or. Aug. 11, 2018) (quoting *Mazer v. Stein*, 347 U.S. 201, 217 (1954)).

---

[2] Plaintiff filed a "Motion for Leave to File Surreply" with a proposed surreply attached on January 10, 2020. *See* ECF No. 143. The Court struck Plaintiff's proposed surreply because it raised numerous arguments outside the scope of Defendants' evidentiary objections. Order, ECF No. 146. The Court gave Plaintiff 14 days to file a more limited surreply pursuant to Local R. 56-1(b). *Id.*

3 – OPINION AND ORDER

Plaintiff alleges that she filed a "Flowchart for writing Computer and API code" for copyright registration on May 17, 2016. SAC ¶ 8. She alleges that Ubimodo installed software on her computer and obtained "confidential business information and trade secrets." *Id.* at ¶¶ 14–15, 26, 29. She alleges that Scott Warner violated the "[m]oral [r]ights" of her copyright and other intellectual property. *Id.* at ¶¶ 27–28. She also alleges that Ubimodo made and caused to be made "derivative works" of her copyright and "reduced it to practice" as part of a "Smart Safety App." *Id.* at ¶¶ 21, 26, 34–35, 67, 74–75.

As noted previously, Plaintiff's copyright infringement claim is unclear. *See* Op. and Order 3, ECF No. 117. Plaintiff does not allege that Ubimodo copied or reproduced her flowchart. She does not say when or how Ubimodo violated her copyright. Instead, she vaguely asserts that Ubimodo violated the "moral rights" of her copyright, caused derivative works to be made from it, and "reduced it to practice." SAC ¶¶ 27–28, 21, 26, 34–35, 67, 74–75. Plaintiff has not provided any evidence to support these allegations, but even if she had, she fails to state a cognizable claim for copyright infringement. Once again, Plaintiff fails to appreciate the idea-expression dichotomy articulated in *Feist Publ'ns Inc.* and seeks to enforce copyright of a process, which courts do not recognize. *See* Op. and Order 4, ECF No. 117; *Feist Publ'ns, Inc.*, 499 U.S. at 344–62; 17 U.S.C. § 102(b). Plaintiff's copyright protects her flowchart, not the ideas or processes that it embodies. No rational trier of fact could find in favor of Plaintiff.

Because Plaintiff has failed to raise a genuine dispute of material fact, this Court GRANTS summary judgment as to Plaintiff's remaining claim against Ubimodo.

## CONCLUSION

Defendants' Motion for Summary Judgment, ECF No. 136, is GRANTED.

IT IS SO ORDERED.

DATED this 26th day of February, 2020.

        _s/Michael J. McShane_____
               **Michael J. McShane**
             **United States District Judge**